UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY J. SPINELLI,

                Plaintiff,

    - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-6732 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On November 3, 2017, plaintiff Anthony Spinelli ("Plaintiff"), appearing *pro se*, filed the above-captioned action against the Commissioner of Social Security ("Defendant"). Plaintiff properly served the Defendant on March 5, 2018 and an appearance was entered by Dara A. Olds, Assistant U.S. Attorney on behalf of the Commissioner.

On November 13, 2018 the Commissioner filed the Administrative Transcript in this matter which consisted of 680 pages. This Court has reviewed the transcript.

Plaintiff was born on October 9, 1959 and was 50 years old on the date that he alleges he became disabled. (Tr. 129.) Plaintiff had a date last insured of December 31, 2013 and filed his claim on November 18, 2013. (*Id.*) Plaintiff completed the 12th grade and had no vocational training. (Tr. 86.) The ALJ ruled that plaintiff had not engaged in substantial gainful activity since his alleged onset. (Tr. 17.) The ALJ found that plaintiff suffered from degenerative disc disease of the thoracic and lumbosacral spine; peripheral neuropathy; diabetes mellitus and hypertension. (Tr. 17.) The ALJ found that plaintiff would be capable of performing a substantial range of sedentary work with postural limitations and with the use of a cane for balance and ambulation. (Tr. 18.) The ALJ found that plaintiff was not disabled because he was capable of performing his past relevant work as a Taxi Starter, which is sedentary with an SVP

of 3.

The Court notes that pursuant to Appendix 2 to Subpart P of Part 404 – Medical-Vocational Guidelines at 201.14 and 201.15, the Guidelines provide that a person over the age of 50 with a general high school education and no vocational training which allows for direct entry into skilled or semi-skilled work would be found to be disabled unless there was evidence or vocational expert testimony that they had transferable skills.

20 C.F.R. §404.1560(b)(1) states: (1) *Definition of past relevant work.* Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it. (*See* § 404.1565(a).)

The Administrative Record indicates that the position of Taxi Starter, which plaintiff performed as an employee of Kell management, was performed at a level which fell below that necessary to qualify as substantial gainful activity. (Tr. 220-221.) Plaintiff earned $255.00 at that position in 2005; $7139.83 in 2006 (below the 2006 threshold level of $86-0 per month or $10,320); and $3127.00 in 2007 (below the 2007 threshold level of $900 per month or $10,800). This appears to render the position in question one which was not performed at the substantial gainful activity level and thus not qualified as past relevant work. While plaintiff testified that he performed this work more substantially, the objective evidence appears to demonstrate otherwise. (Tr. 91-92.)

As such, and in order to effectively manage this case, defendant is hereby Ordered to Show Cause in Writing, by October 31, 2019, why this case should not be 1) remanded to the Commissioner of Social Security for calculation of benefits, or in the alternative, 2) remanded to the Commissioner of Social Security for further proceedings. When showing cause, Defendant shall set forth the grounds for his position, providing both factual and legal support that the case

should not be remanded and giving specific consideration to the factors discussed above.  A failure to respond timely to this Order to Show Cause will result in remand of the case.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge